Filed 3/12/25  P. v. Sandor CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ALEXIS SANDOR,<br><br>     Defendant and Appellant. | E081787<br><br>(Super.Ct.No. RIF2104569)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge.

Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James

M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In October 2021, defendant and appellant Christopher Alexis Sandor was involved in a physical altercation with his elderly parents. As a result of this incident, defendant was convicted of two counts of elder abuse likely to cause great bodily injury or death (Pen. Code,[1] § 368, subd. (b)(1)) and sentenced to 14 years eight months in state prison. In sentencing defendant, the trial court used the middle term for each offense and applied the alternate sentencing provisions of the Three Strikes law (§§ 667, subd. (b)-(i); 1170.12) as the result of a prior conviction.

On appeal, defendant argues: (1) the trial court abused its discretion by failing to apply a presumptive low term pursuant to section 1170, subdivision (b)(6)(A), because there was evidence that childhood trauma may have contributed to the commission of the offenses; (2) the trial court abused its discretion by denying his *Romero*[2] invitation to the trial court to dismiss his prior strike offense in the interest of justice pursuant to section 1385; and (3) to the extent any claim of error has been forfeited for failure to raise the issue at the time of sentencing, it was due to ineffective assistance of trial counsel.[3] We conclude that defendant's claim of error with respect to application of section 1170,

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3] Defendant also initially argued that the trial court abused its discretion by failing to dismiss the great bodily injury enhancements (§ 12022.7, subd. (c)) in the interests of justice pursuant to section 1385. However, defendant subsequently withdrew the argument in light of *People v. Walker* (2024) 16 Cal.5th 1024.

subdivision (b)(6)(A), has been forfeited for failure to raise the issue at the time of sentencing and that the record on direct appeal is inadequate to conclude that defendant's trial counsel was ineffective for failing to raise the issue. We further conclude that the record does not show an abuse of discretion with respect to the trial court's denial of defendant's invitation to strike a prior strike offense as permitted by *Romero* and affirm the judgment.

## II. BACKGROUND

A. *Facts and Conviction*

In October 2021, defendant was involved in a physical altercation with his mother and father. At the time, both parents were over 70 years of age and suffered from various medical conditions. Following the incident, both parents were transported by ambulance to the hospital, and defendant's mother eventually required surgery to remove blood in her brain.

As a result of this incident, defendant was convicted of two counts of elder abuse likely to cause great bodily injury or death (§ 368, subd. (b)(1)). The jury also found true special allegations that defendant personally inflicted great bodily injury in the commission of each offense (§ 12022.7, subd. (c)), and defendant admitted that he had suffered a prior conviction for an offense qualifying as a serious and violent felony (§§ 667, subd. (b)-(i); 1170.12). Additionally, the trial court found true four factors in aggravation: (1) the current offenses involved great violence, great bodily harm, the threat of bodily harm, or acts disclosing a high degree of cruelty, viciousness or callousness (Cal. Rules of Court, rule 4.421(a)(1)); (2) defendant had numerous prior

3

convictions of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2));

(3) defendant engaged in conduct indicating a serious danger to society (Cal. Rules of

Court, rule 4.421(b)(1)); and (4) the current offenses were committed against particularly

vulnerable victims (Cal. Rules of Court, rule 4.421(a)(3)).

B. Romero *Invitation and Opposition*

Prior to sentencing, defendant filed a request inviting the trial court to dismiss his

prior strike offense in the interest of justice pursuant to section 1385 as authorized in

*Romero*. Defendant argued that his prior strike offense was remote in time because it was

committed in 2017 and he had not been convicted of any serious or violent crimes in the

period of time between his 2017 conviction and the current offenses. Defendant also

generally asserted that "[e]xamination of the general objectives in sentencing and the

other factors . . . reveal several bases for striking the strike prior [in] the interests of

justice" but did not otherwise specifically identify any of those factors for the trial court's

consideration.

The People filed an opposition to the motion, arguing that (1) defendant had a

criminal history with multiple offenses that were escalating in severity;[4] (2) defendant

suffers from an unresolved substance abuse issue that manifests in violent behavior;

(3) defendant has failed to show remorse or take responsibility for his actions; and (4) the

---

[4] Specifically, the invitation identified that defendant had been convicted of three misdemeanor offenses prior to his conviction for robbery (§ 211) in 2017 and that defendant had a pending criminal action against him involving burglary (§ 459) and grand theft (§ 487).

nature of the current offenses were particularly violent, indicating defendant presented a risk of harm to others.

C. *Probation Report*

The probation report prepared in advance of sentencing noted that defendant suffered from substance abuse issues involving the use of alcohol, amphetamine, and marijuana for decades at least through 2021. He was (1) convicted in 1993 for carrying a concealed weapon (former § 12020, subd. (a)); (2) convicted in 1996 for disorderly conduct arising from public intoxication (§ 647, subd. (f)), vandalism (former § 594, subd. (b)(4)), and possession of controlled substances (Health and Saf. Code, § 11377, subd. (a)); (3) convicted in 2017 of second degree robbery (§ 211); and (4) had a pending criminal case involving grand theft (§ 487, subd. (a)) and burglary (§ 459) allegedly committed in 2018.

In an interview with the probation officer regarding the current offenses, defendant asserted that (1) he had been emotionally and physically abused by his parents as a child; (2) he had a history of addiction with methamphetamine but denied any use prior to the commission of the offenses; (3) he suffered from major depression and had not been taking his prescribed psychotropic medication as instructed at the time of the current offenses; (4) the victims of his current offenses provoked him; and (5) he was confident there would be no further violence if he simply separated himself from his parents. The probation officer opined that defendant did not appear to show any remorse for inflicting traumatic injury on the victims; appeared to repeatedly rationalize his behavior by blaming the victims; and continued to present a risk of volatility because of his

unwillingness to seriously treat ongoing substance abuse, despite acknowledging an addiction.

The probation report recommended a sentence of 14 years eight months in state prison. The recommendation included imposition of the middle term for defendant's primary offenses and application of the alternate sentence provisions of the Three Strikes law in light of defendant's prior conviction for a serious and violent felony.

D. *Sentencing*

The trial court held a sentencing hearing in June 2023. The trial court first considered defendant's *Romero* invitation and permitted the parties to make any additional arguments not already set forth in their written submissions. However, all parties declined to make any further arguments beyond their written submissions. The trial court then denied the request, stating: "The motion to dismiss the strike will be denied for the following reasons: The defendant has never addressed his addiction to both alcohol and drugs. He denies addiction, but it's clear from reading the probation report that he is addicted to both substances, methamphetamine being the controlled substance. [¶] He has shown no remorse for his actions. He has blamed the victims for all of his difficulties. He has inflicted serious bodily injury to both [victims], especially to [one victim] who needed brain surgery. [¶] So, for those reasons, the *Romero* motion is denied." Defendant did not request clarification with respect to the reasons offered by the trial court for denial of his *Romero* invitation.

The trial court then inquired whether any party wished to make any other comments or arguments prior to pronouncement of judgment. In response, defense

counsel waived argument but informed the trial court that defendant had been making progress in classes while in custody. Defendant also made a personal statement, asserting that (1) prior to the incident, he had resolved any substance abuse issues; (2) he had been successfully working toward self-employment; and (3) defendant merely "had a bad night," and the incident was "just a singular incident." Defense counsel did not argue or suggest that childhood trauma contributed to the commission of the offenses such that defendant was entitled to a presumptive lower term pursuant to section 1170, subdivision (b)(6)(A).

The trial court sentenced defendant to an aggregate term of 14 years eight months in state prison consistent with the probation report's recommendation. Specifically, the trial court sentenced defendant to: (1) 11 years on count 1, representing the middle term of three years (§ 368, subd. (b)(1)), doubled to six years as the result of defendant's prior strike (§§ 667, subd. (b)-(i); 1170.12), and enhanced by an additional five years for the great bodily injury enhancement (§ 12022.7, subd. (c)); and (2) three years eight months on count 2, representing one-third the middle term (§ 368, subd. (b)(1)), doubled to two years as the result of defendant's prior strike (§§ 667, subd. (b)-(i); 1170.12) and enhanced by one year eight months representing one-third of the five-year great bodily injury enhancement (§ 12022.7, subd. (c)). Defendant appeals.

### III. DISCUSSION

A. *Defendant's Section 1170, Subdivision (b)(6) Claim Has Been Forfeited*

On appeal, defendant contends the trial court erred by imposing the middle term at the time of sentencing because section 1170, subdivision (b)(6)(A), generally provides

7

for a presumptive lower term sentence where a defendant has experienced psychological, physical, or childhood trauma that was a contributing factor in the commission of the offense (§ 1170, subd. (b)(6)).  We conclude that this argument has been forfeited for failure to raise it at the time of sentencing.

The California Supreme Court has repeatedly held that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["[A] defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below."].)  The rule of forfeiture applies in " 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.' "  (*People v. Boyce* (2014) 59 Cal.4th 672, 730-731; *People v. Scott* (2015) 61 Cal.4th 363, 406.)

Here, the record does not show that defendant ever asserted he was entitled to a presumptive lower term pursuant to section 1170, subdivision (b)(6), as the result of psychological, physical, or childhood trauma.  Even when circumstances might justify the application of this statute, it is the defendant who bears the burden to raise the issue at the time of sentencing (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991-992 [the record must show compliance with § 1170, subd. (b) only after the defendant makes an initial showing to trigger an applicable presumption]), and the failure to do so forfeits any

8

claim of error on appeal (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [defendant forfeited argument by failing to object to trial court's imposition of middle term despite circumstances that created a presumptive lower term under amended section 1170, subd. (b)]; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043-1044 [same]). Thus, any claim the trial court failed to consider a mitigating circumstance that might have justified imposition of a lower term under section 1170, subdivision (b)(6) has been forfeited.

To avoid forfeiture, defendant argues that trial counsel's failure to raise the issue constituted ineffective assistance of counsel. However, a reviewing court presumes that "counsel's actions fall within the broad range of reasonableness, and afford[s] 'great deference to counsel's tactical decisions.' " (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) Thus, a defendant's burden to show ineffective assistance is " 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an action or omission." (*Ibid.*) Absent such affirmative evidence, where the "appellate record does not disclose what mitigating evidence was available that was not presented, or what reasons defense counsel may have had for not presenting it," we " ' "will not assume that the defense counsel's failure to present mitigating evidence rendered his assistance ineffective. Any assertion that counsel was inadequate in this regard must be raised on habeas corpus." ' " (*People v. Anderson* (2001) 25 Cal.4th 543, 598.)

In this case, defendant has not directed our attention to anything in the record that discloses the actual reasons for trial counsel's decision not to invoke the provisions of

9

section 1170, subdivision (b)(6). Further, the record suggests at least one reasonable tactical reason for trial counsel's decision not to do so. "Section 1170, subdivision (b)(6) . . . requires that the low term presumption applies only when the identified factor 'was a contributing factor in the commission of the offense.' " (*People v. Knowles* (2024) 105 Cal.App.5th 757, 768.) And while the probation report listed childhood trauma as a possible mitigating factor, defendant elected to make a statement at the time of sentencing urging the trial court to apply leniency on the basis that the offenses were the result of an isolated incident because defendant was simply having a "bad night." Defendant, himself, never claimed that the offenses of which he was convicted occurred as a result of any ongoing trauma he suffered as a child. Given defendant's own statements at the time of sentencing, defense counsel could reasonably conclude that arguing that some repressed, ongoing childhood trauma contributed to the commission of the offenses would undercut defendant's alternative narrative that the entire incident was simply the result of an isolated, bad decision. Where two plausible, but potentially competing arguments for leniency exist, it is not unreasonable for trial counsel to elect to focus on one argument instead of the other.

Because the record does not disclose trial counsel's actual reasons for failing to argue defendant was entitled to a presumptive lower term pursuant to section 1170, subdivision (b)(6)(A), and there exists at least one reasonable basis upon which counsel could have decided not to raise the issue at the time of sentencing, the record does not show ineffective assistance of counsel warranting reversal on direct appeal, and we decline to reach the merits of defendant's otherwise forfeited claim.

10

B. *The Record Does Not Show Denial of the* Romero *Invitation Was an Abuse of*

*Discretion*

The only remaining argument asserted on appeal is that the trial court abused its discretion in denying defendant's *Romero* request, inviting the trial court to dismiss one of his prior strike offenses in the interests of justice pursuant to section 1385. We disagree.

In *Romero*, 13 Cal.4th 497, our Supreme Court held " 'that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385(a).' " (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) "When considering whether to strike a prior conviction, the factors a court considers are whether, in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of the defendant's background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though the defendant had not previously been convicted of one or more serious and/or violent felonies." (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1140.) "[A] [trial] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*Carmony,* at p. 374.) "Only extraordinary circumstances justify finding that a career criminal is outside the Three Strikes law . . . . Therefore, 'the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more

11

extraordinary.' " (*Avila*, at p. 1140.)

Here, defendant argues that the trial court erred because the record fails to show that it "demonstrably balance[ed]" the relevant factors necessary to reach an informed decision regarding his *Romero* invitation. He contends that absent such a showing, remand for reconsideration is necessary so the trial court may properly weigh all of the relevant factors when ruling on his request. We disagree with the premise of this argument.

"While a court must explain its reasons for striking a prior . . . , no similar requirement applies when a court declines to strike a prior." (*In re Large* (2007) 41 Cal.4th 538, 550; *In re Coley* (2012) 55 Cal.4th 524, 560-561 [There is no statutory requirement of an on-the-record statement of reasons when a court declines to strike a prior strike conviction.].) Because there is no requirement that the trial court explain its reasons for denying a *Romero* invitation, the fact that the record does not show what factors the trial court balanced in reaching its decision is not sufficient to show an abuse of discretion.

Instead, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony, supra,* 33 Cal.4th at pp. 376-377.) And the fact that a trial court focuses its explanatory comments on a specific factor "does not mean that it considered only that factor." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) Thus,

12

defendant has not met his burden on appeal by simply arguing that the record is not sufficiently detailed to show whether the trial court considered and balanced mitigating factors in its analysis. Absent an affirmative indication in the record, we presume the trial court considered all relevant factors when reaching its decision.

To the extent defendant suggests the trial court abused its discretion by relying on improper factors, we conclude that the record does not support this contention. The trial court explicitly referenced four factors when denying relief: defendant's continued struggles with substance abuse; his lack of remorse; his failure to take responsibility for his actions by blaming the victims for his difficulties; and the fact that the current offense involved infliction of great bodily injury to two victims. And established case authority holds that each of these factors can be considered in the context of a *Romero* request. (*Carmony, supra,* 33 Cal.4th at p. 378 [listing fact that a defendant has "done little to address his substance abuse problems" as a factor "relevant to the trial court's decision under *Romero*"]; *People v. Williams* (1998) 17 Cal.4th 148, 163 [trial court may consider whether defendant " 'failed or refused to learn his lesson' " from prior offenses]; *People v. Nunez* (2023) 97 Cal.App.5th 362, 373 [trial court may consider a defendant's "lack of remorse as relevant to his character, future prospects, and improbability of rehabilitation"]; *People v. Philpot* (2004) 122 Cal.App.4th 893, 907 [seriousness of the present offense is a factor that may be considered in denying a *Romero* invitation].)

Thus, contrary to defendant's contentions on appeal, the record does not affirmatively show that the trial court relied on any improper factors when reaching its decision with respect to the *Romero* invitation. Because the record contains no

13

affirmative indication that the trial court failed to consider any relevant factors and does not contain any affirmative indication that the trial court relied on improper factors when ruling on the *Romero* invitation, defendant has not met his burden to show the trial court abused its discretion and reversal is not warranted.

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


McKINSTER
Acting P. J.


RAPHAEL
J.